UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT L. WASHINGTON                                         CIVIL ACTION

VERSUS

WARDEN DENNIS GRIMES, ET AL.                                 NO. 14-0485-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 24, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT L. WASHINGTON                                          CIVIL ACTION

VERSUS

WARDEN DENNIS GRIMES, ET AL.                                  NO. 14-0485-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On or about July 9, 2014, the *pro se* plaintiff, a prisoner previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against East Baton Rouge Parish Sheriff Sid J. Gautreaux and EBRPP Warden Dennis Grimes, complaining, *inter alia*, regarding the conditions to which he had been subjected at that facility and complaining that he had not received credit toward his sentence for participation in faith-based and/or vocational programs at that facility.

Pursuant to Order dated August 18, 2014 (R. Doc. 6), the Court directed the plaintiff, within twenty-one (21) days, to file with the Court a properly completed Statement of Account certifying to the average six-month deposits and balance in his inmate account(s) and, within such time, to appear and show cause, in writing, why this proceeding should not be dismissed as a sanction for previously submitting an apparently forged Statement of Account in support of his Motion to Proceed *In Forma Pauperis* herein. A review of the record reflects that the plaintiff has failed to comply with the Court's directives in this regard. Instead, the referenced Order, which was forwarded to the plaintiff at his record address, has been returned to the Court as undeliverable, with a notation on the returned envelope indicating that the plaintiff is "no longer

at Parish Prison." *See* R. Doc. 7. It thus appears that the plaintiff may have lost interest in the prosecution of this case since his release or transfer from the referenced facility.

Pursuant to Local Rule 41.2 of this Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. As a practical matter, the Court cannot proceed with the case without an address where the plaintiff may be reached and where he may receive pertinent pleadings, notices or rulings. Accordingly, the Court concludes that the above-captioned proceeding should be dismissed, without prejudice, for failure of the plaintiff to prosecute this proceeding through a failure to keep the Court apprised of a current address.

## RECOMMENDATION

It is recommended that the above-captioned proceeding be dismissed, without prejudice, for failure to prosecute. It is further recommended, in accordance with Local Rule 41.2 of this Court, that the Order of Dismissal advise the plaintiff that, on motion filed within thirty (30) days and upon a showing of good cause, the Court may consider reinstatement of this action on the Court's Docket.

Signed in Baton Rouge, Louisiana, on October 24, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**